THE STATE OF MISSISSIPPI *v.* SAMUEL B. HATHORN et al.

1. TAX COLLECTOR : SURETIES IN GENERAL BOND LIABLE FOR SPECIAL TAX.—The sureties in a tax collector's general bond, are liable for his failure to collect and pay into the county treasury, a special tax, levied by the board of police, under the Act of 1838 (Hutch. Dig. 713), where no special bond has been required, as authorized by that act.
2. SAME: SUIT ON BOND PROPER IN THE NAME OF THE STATE.—The State is the proper plaintiff in an action on a tax collector's bond to recover taxes due to a county.

ERROR to the Circuit Court of Covington county. Hon. John E. McNair, judge.

*W. P. Harris,* for plaintiff in error,
Cited and commented on the Act of 1822, Hutch. Dig. 708; Act of 1833, Ib. 710; Act of 1838, Ib. 713; *Miller* v. *Stewart,* 9 Wheat. 620; *U. S.* v. *Kirkpatrick,* Ib. 720.

*George T. Swann,* for defendant in error,
Cited and commented on Hutch. Dig. 714, Art. 11, § 3; Ib. 708, Art. 3; Art. 4, §§ 35, 36, 37; Ib. 710, § 3; *Rex* v. *Barlow,* 2 Salk. 609; same case, Carthew, 293; *Alderman Barkwell's case,* 1 Vern. 152; *Newbury Turnpike Co.* v. *Miller,* 5 John. Ch. R. 112; Dwarr. on Stat. 712; *Ex parte Simonton,* 9 Porter, 395; *Schuyler Co.* v. *Mercer Co.* 4 Gilman, 20.

*E. J. Goode,* on same side,
Cited Blackwell on Tax Titles, 723, § 28; 4 Gilm. 20; 5 John. Ch. R. 101; 5 Cowen, 195; 14 S. & R. 429; 1 E. C. L. R. 46; 1 Peters R. 46; 1 Saunders R. 58, note 2; 2 Salk. 609; Cro. Eliz. 655; Cro. Jac. 134.

HANDY, J., delivered the opinion of the court.
This action was brought against the defendants in error, sureties on the bond of Reuben Watts, as tax collector of Covington county, to recover an amount of money collected by him, in the fiscal year

beginning on the 1st May, 1854, and ending on the 1st May, 1855, of a special tax duly assessed by the board of police of that county, for the purpose of building a court-house therein.

The action was brought upon the general bond executed by Watts, as tax collector, upon his election, in November, 1853, and avers the collection of the money assessed, and the failure of Watts to pay it over. The defendants, among other pleas, pleaded that the tax was a special one, levied under the Act of 1838, and that no additional bond was required of the tax collector, and that the sureties on the general bond were not bound for his default in relation to the special tax; and a further plea, that the sureties, at the time of the levy, demanded of the board of police to require of Watts a bond for the faithful payment of the special tax assessed, and declared that they would not be responsible for the same; but that the board refused to require such bond.

To these pleas, the plaintiff filed a demurrer, which was overruled as to the pleas, and extended back to the declaration, and judgment rendered for the defendants.

The only question presented in the case is, whether the Act of 1838, under which the special tax in question was levied, requires that the board of police *shall* take of the tax collector a bond for the faithful collection and payment of such tax, in addition to his general bond; and whether the general bond is liable for such tax, if no special bond be taken.

By the condition of his general bond, the tax collector was bound to collect " all the taxes assessed in his county for the State and county purposes, and to pay into the treasuries of the State and of the county the sums of money collected by him, and to which the said treasuries should be respectively entitled, according to the requisitions of law," &c.

The obligation clearly comprehends all the duties pertaining to the collection and payment of the State and county taxes, and extends to the case under consideration, unless it is restricted by other statutes. Let us, then, advert to the statutes touching the subject.

The Statute of 25th June, 1822, authorizes the levy of a tax sufficient to discharge the demands upon the respective counties, upon the persons and property subject to State taxes, not to exceed

one-half the amount of State taxes.    Hutch. Code, 708, Art. 3.
The Statute of 28th June, 1822, gives to the county court of each
county the general power to levy money upon the county for build-
ing court-houses, jails, &c. (Ib. 709); and the Act of 1833 gives
the general power to levy a special tax on the county, whenever
the annual levy may not be sufficient, but not to exceed in any one
year one-half of the amount of the State tax.    Ib. 710, § 3.

Then comes the Act of 1838 (Hutch. Code, 713), which provides
that it shall be lawful for the board of police of any county, to
levy and collect a special tax for the county, sufficient to build or
repair any court-house or jail in and for the county, whether such
tax exceed fifty per cent on the State tax or not, provided such tax
shall be applied to no other purpose than the building or repairing
of the county buildings.    This section gives the power to levy the
money, for the purpose specified, without restriction as to the
amount.

The third section is in these words: "The board of county
police of the several counties in this State, may require the as-
sessor and collector of the State and county taxes, of their re-
spective counties, to give bond for the faithful collection of such
special tax."    Ib. 714.

It is insisted that this section renders it imperative upon the
board of police to require a new bond, as a security for the collection
and payment of the taxes authorized by the act; and that the duty
devolving upon the tax collector in virtue of it, is distinct from his
general duty, and is not within the obligation of his general bond.

But we cannot agree with this view of the statute.    The duty
required of the tax collector, in the cases to which it applies, is
certainly not a new one.    He was already bound, by his official
bond, to collect and pay over all taxes assessed in his county, for
State and county purposes; and this tax was undeniably for a county
purpose.    There was no limit to this obligation, but the penalty of
the bond; and so long as that and the sureties on his bond were
deemed sufficient, there was no need for a further bond for the per-
formance of the duty contemplated by this statute.    But it might
happen that the penalty of the original bond and the sureties to it,
might be inadequate to the obligation arising from an assessment
under this act, in addition to that arising under the general assess-

ment; and, in such case, the statute confers upon the board of police, the power to require the collector to give an additional bond, if it be deemed requisite by the board.   This simply is the reason and extent of the statute.   If no additional bond be required and executed, it must be taken that none was deemed necessary, and the duties arising to the collector under the act, are clearly those which pertain to his general duty, as specified in his official bond.

These pleas were, therefore, insufficient, and the demurrer to them should have been sustained; and the objection to the declaration was untenable.

Another ground taken in support of the demurrer to the declaration is, that the suit should have been brought "in the name of the county," in pursuance of the fifty-third section of the Act of 1846, Hutch. Code, 195, and not in the name of the State of Mississippi. This statute requires proceedings to be instituted in such cases, "in the name of the county," "in the same manner as is provided for proceedings against defaulters to the State."   The proceedings against defaulters to the State referred to, are provided for in the fifty-first section of the same act, and are authorized to be either by action on the bond, or by notification to the parties by the district attorney.   If the mode of proceeding adopted be by "notification," &c., the proceeding might well lie in the name of the county; because such a proceeding would be informal, and not subject to technical rules of proceeding, and it must be supposed that it was to that mode of proceeding that reference was had in the fifty-third section, authorizing the proceeding to be instituted in the name of the county.   But if the remedy resorted to be by action on the bond, as it obviously might be, it would be altogether irregular to bring suit "in the name of the county," upon a bond payable to the State of Mississippi; and the provision of the statute cannot be supposed to have referred to such an action.   The State is the legal plaintiff in such an action, holding the legal title, though for the use of the county.   There is, therefore, no force in this objection.

Judgment reversed, and cause remanded for further proceedings.